# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROOSEVELT RICO DAHDA, )<br>)<br>Defendant. )<br>_____) | CRIMINAL ACTION<br><br>No. 12-20083-02-KHV |

## MEMORANDUM AND ORDER

A jury found defendant guilty on multiple counts of the Second Superseding Indictment (Doc. #462) including Count 1 which charged him in part with conspiracy to possess marijuana with intent to distribute it and to distribute marijuana. See Verdict (Doc. #1433) filed July 23, 2014 at 7. The jury also found on Count 1 that "the overall scope of the agreement involved more than 1,000 kilograms of marijuana." Instructions To The Jury (Doc. #1430) filed July 23, 2014, No. 19. On September 29, 2015, the Court sentenced defendant to 201 months in prison. See Judgment In A Criminal Case (Doc. #2087). On April 4, 2017, the Tenth Circuit affirmed defendant's convictions and forfeiture order, but remanded for resentencing based on the calculation of the amount of marijuana attributable to him. United States v. Roosevelt Dahda, 852 F.3d 1282, 1298 (10th Cir. 2017), aff'd, 138 S. Ct. 1491 (2018).

On December 12, 2019, the Court resentenced defendant to a controlling term of 141 months in prison and eight years of supervised release. This memorandum and order explains why (1) as to Count 1, the statutory range set forth in 21 U.S.C. § 841(b)(1)(C) applies and (2) the Court corrects defendant's controlling sentence to reduce the term of supervised release to six years.

## I. Statutory Penalty Range – Count 1

On Count 1, defendant argues that because a jury did not determine that a specific drug quantity was reasonably foreseeable to him, the Court should apply the default provision of 21 U.S.C. § 841(b)(1)(D). On direct appeal, the Tenth Circuit rejected this same argument as to both Los Dahda and Roosevelt Dahda. As to Los Dahda, it reasoned as follows:

> Los was found guilty on count 1, which charged a conspiracy involving 1,000 kilograms or more of marijuana. See 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), 846, 856. For this count, Los obtained a sentence of 189 months' imprisonment. He contends that this sentence violates the Constitution because the jury did not specifically find the marijuana quantity involved in the conspiracy.
>
> "We review the legality of an appellant's sentence de novo." United States v. Jones, 235 F.3d 1231, 1235 (10th Cir. 2000).
>
> The penalties for violating § 841(a) appear in subsection (b). Subsection (b)(1)(D) provides a maximum sentence of 5 years' imprisonment if the total marijuana weight was less than 50 kilograms. 21 U.S.C. § 841 (b)(1)(D). Subsection (b)(1)(C) provides a maximum sentence of 20 years' imprisonment when no specific amount is charged. And subsections (b)(1)(A) and (B) provide higher maximum sentences depending on the type and quantity of the substance; in cases involving 1,000 kilograms or more of marijuana, subsection (b)(1)(A) imposes a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A)(vii).
>
> Although Los was found guilty of participating in a conspiracy involving 1,000 kilograms or more of marijuana, the government agreed to waive the 10–year mandatory minimum under § 841(b)(1)(A). Thus, Los was sentenced under § 841(b)(1)(C).
>
> But he argues that he should have been subject to the 5–year maximum under § 841(b)(1)(D) because the verdict form did not require a specific determination of the marijuana quantity. We reject this argument because the marijuana quantity, 1,000 kilograms, was an element of the charged conspiracy.
>
> Los correctly argues that to increase his maximum sentence based on drug quantity, the quantity of drugs had to be charged in the indictment, submitted to

the jury, and proven beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000); United States v. Jones, 235 F.3d 1231, 1233, 1236 (10th Cir. 2000). Thus, if the jury had not found a marijuana quantity beyond a reasonable doubt, the Constitution would have limited the maximum sentence to five years under § 841(b)(1)(D). United States v. Cernobyl, 255 F.3d 1215, 1220 (10th Cir. 2001).

But no constitutional violation took place. On count 1, the jury found that the conspiracy had involved 1,000 kilograms or more of marijuana. Though the quantity was not addressed on the verdict form, the quantity was charged in the indictment and included in Instruction 19: "As to each defendant, to carry its burden of proof on Count 1, the government must prove beyond a reasonable doubt each of the following elements: . . . the overall scope of the agreement involved more than 1,000 kilograms of marijuana." R. vol. 1 at 401. In turn, the verdict form directed the jury to make its findings on count 1 "[u]nder instructions 19-21." Id. at 433.

"We presume the jury follows its instructions" in the absence of an overwhelming probability to the contrary. United States v. Rogers, 556 F.3d 1130, 1141 (10th Cir. 2009); United States v. Herron, 432 F.3d 1127, 1135 (10th Cir. 2005). There is no reason to think that the jury disregarded its instructions, and we see no reason to reject the presumption here. Thus, we reject Los's challenge to the sentence on count one. See United States v. Singh, 532 F.3d 1053 (9th Cir. 2008) (holding that no Apprendi violation took place when the burden of proof on a fact, which enhanced the statutory maximum, was contained in a jury instruction but not in the verdict form); United States v. O'Neel, 362 F.3d 1310, 1314 (11th Cir. 2004) (same), vacated sub nom., Sapp v. United States, 543 U.S. 1107, 125 S. Ct. 1114, 160 L.Ed.2d 1027 (2005), reinstated, 154 Fed. Appx. 161 (11th Cir. 2005).

United States v. Los Dahda, 853 F.3d 1101, 1116-17 (10th Cir. 2017).

As to Roosevelt Dahda, the Tenth Circuit stated as follows:

In United States v. Los Dahda, we addressed whether the lack of an express jury finding on quantity required resentencing of Los under 21 U.S.C. § 841(b)(1)(D), rather than § 841(b)(1)(C). 853 F.3d 1101, 1116-17 (10th Cir. 2017). Under de novo review, we concluded that the answer was "no" because the quantity of 1,000 kilograms constituted an element of the charged conspiracy. Id.

The same reasoning applies here. Using the same instructions and verdict form described in Los Dahda, the jury found Roosevelt guilty on count one, which

3

> required the jury to find that the conspiracy involved 1,000 kilograms or more of marijuana. Therefore, Roosevelt's sentence under 21 U.S.C. § 841(b)(1)(C) did not constitute error, much less plain error. See id.
>
> In sum, Roosevelt waived his challenge to the statutory maximum. But even if this issue had not been waived, application of § 841(b)(1)(C) would not have constituted plain error.

Roosevelt Dahda, 852 F.3d at 1292.

At sentencing and in various objections to the presentence investigation report, defendant again argues that because a jury did not determine that a specific drug quantity was reasonably foreseeable to him, the Court should apply the default provision of 21 U.S.C. § 841(b)(1)(D). "[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." Rohrbaugh v. Celotex Corp., 53 F.3d 1181, 1183 (10th Cir. 1995). An important corollary to the law of the case doctrine, known as the "mandate rule," requires a district court to comply strictly with the mandate rendered by the reviewing court. See Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah, 114 F.3d 1513, 1520-21 (10th Cir. 1997). Where the appellate court does not specifically limit the scope of the remand, a district court generally has discretion to expand resentencing beyond the specific sentencing error underlying the reversal. United States v. Moore, 83 F.3d 1231, 1235 (10th Cir. 1996) (following remand from appellate court for resentencing, district court "possesses the inherent discretionary power to expand the scope of the resentencing beyond the issue that resulted in the reversal and vacation of sentence"). The mandate rule is a discretion-guiding rule of policy and practice that is subject to exception and some flexibility in

exceptional circumstances. Id. at 1234-35 (citing United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993)). Examples of "exceptional circumstances" which warrant an exception to the mandate rule include (1) a dramatic change in controlling legal authority; (2) significant new evidence that was not obtainable earlier through due diligence but has since come to light; or (3) a blatant error from the prior sentencing decision that would result in serious injustice if uncorrected. Id. (citing United States v. Bell, 5 F.3d 64, 67 (4th Cir. 1993)).

Defendant cites Alleyne and United States v. Ellis, 868 F.3d 1155 (10th Cir. 2017), but neither authority constitutes a dramatic change in controlling legal authority that applies to him on resentencing. First, the Supreme Court decided Alleyne in 2013, well before this Court sentenced defendant in 2015 and the Tenth Circuit decided his appeal in April of 2017. Indeed, on appeal, defendant cited Alleyne in explaining why the government conceded that subsection (C) of Section 841(b)(1) applied rather than the statutory minimum sentence under subsection (A). See Roosevelt Dahda Appellate Reply Brief filed May 31, 2016 at 14. Moreover, both Alleyne and Ellis addressed the necessary jury findings to impose a statutory minimum sentence while the Court here found that based on the government's agreement, no statutory minimum applied.

Beyond the law of the case doctrine and mandate rule, this Court is bound to follow the Tenth Circuit's published opinions in Los Dahda and Roosevelt Dahda which directly address the issue whether a jury finding on the scope of the conspiratorial agreement is sufficient to apply the statutory range of zero to 20 years under subsection (C) of Section 841(b)(1) instead of the statutory range of zero to five years under subsection (D). Defendant suggests that the

5

Tenth Circuit did not correctly decide his direct appeal based on the then-existing precedent in Alleyne and United States v. Dewberry, 790 F.3d 1022 (10th Cir. 2015).  The remedy for any such purported error would have been a panel rehearing, rehearing en banc or subsequent Supreme Court action.  The panel decision in Ellis, which involved a challenge to a statutory minimum, did not and could not overrule the prior panel decisions in Los Dahda and Roosevelt Dahda.  See United States v. Elliott, 937 F.3d 1310, 1316 n.5 (10th Cir. 2019) (one panel cannot depart from prior holdings absent en banc reconsideration or superseding contrary decision by Supreme Court).

In sum, as to Count 1, the Court will apply the statutory range set forth in 21 U.S.C. § 841(b)(1)(C).  Because defendant had a prior conviction, his statutory range on Count 1 included a term of imprisonment up to 30 years and a term of supervised release of at least six years.  See 21 U.S.C. § 841(b)(1)(C).

## II.     Supervised Release – Counts 43, 49, 56 and 73

In court, as to Count 56, which alleged violations of Sections 841(a) and 860(a) (possession with intent to distribute within 1,000 feet of a school), the Court applied the enhanced statutory penalties under Section 860(a), which included a term of imprisonment up to 20 years and a term of supervised release of at least eight years.  See 21 U.S.C. § 860(a).  Because Count 56 did not allege a specific quantity of marijuana, the Court should have applied the "default" provision of Section 860(a) for offenses involving five grams or less of marijuana.  Under that provision, no enhanced statutory minimum applies.  See 21 U.S.C. § 860(a) ("The mandatory minimum sentencing provisions of this paragraph shall not apply to offenses

involving 5 grams or less of marihuana."). The Court intended to sentence Roosevelt Dahda to the statutory minimum term of supervised release on all counts with the counts to run concurrently.  **Accordingly, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, the Court hereby corrects the sentence of Roosevelt Dahda to reflect a sentence on Count 56 of 141 months in prison and four years of supervised release.**

As to Counts 43, 49 and 73, which alleged violations of Section 841(a) but did not allege a specific quantity of marijuana, the Court applies the default statutory range set forth in 21 U.S.C. § 841(b)(1)(D).  Because defendant has a prior conviction, his statutory range on Counts 43, 49 and 73 includes a term of imprisonment up to 10 years and a term of supervised release of at least four years.  See 21 U.S.C. § 841(b)(1)(D).  In court, however, on Counts 43, 49 and 73, the Court imposed a sentence of 120 months in prison and six years of supervised release.  **Accordingly, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, on each of Counts 43, 49 and 73, the Court hereby corrects the sentence of Roosevelt Dahda to reflect a sentence of 120 months in prison and four years of supervised release.**

**IT IS SO ORDERED**.

Dated this 16th day of December, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge