**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>   Plaintiff,<br><br>v.<br><br>**ROOSEVELT RICO DAHDA (02),**<br><br>   Defendant. | **Case No. 12-20083-02-DDC** |

**MEMORANDUM AND ORDER**

On December 12, 2019, after remand from the Tenth Circuit, the court sentenced Roosevelt Dahda to 141 months in prison. This matter comes before the court on defendant Roosevelt Dahda's Motion For Return Of Property Pursuant To Fed. R. Crim. P. 41(g) (Doc. 2702). The government has filed a response and Mr. Dahda has filed a reply. For reasons explained below, the court grants in part and dismisses in part Mr. Dahda's motion for return of property.

**I.     Background**

On July 23, 2014, a jury found Mr. Dahda guilty on multiple counts of the Superseding Indictment (Doc. 462) including conspiracy to possess marijuana with intent to distribute it and distribute marijuana, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 856 (Count 1), five counts of using of a communication facility to facilitate a drug trafficking offense, violations of 21 U.S.C. § 843(b) (Counts 42, 45, 53, 55 and 70), two counts of possession of marijuana with intent to distribute, violations of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Counts 43 and 49), possession with intent to distribute and distribution of marijuana within 1,000 feet of a playground,

violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and 860 (Count 56), and attempted possession of marijuana with intent to distribute, a violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Count 73).

On September 29, 2015, United States District Judge Kathryn H. Vratil sentenced Mr. Dahda to 201 months in prison and 10 years of supervised release. On April 4, 2017, the Tenth Circuit affirmed Mr. Dahda's convictions, but remanded for resentencing based on the calculation of the amount of marijuana attributable to him. *United States v. Roosevelt Dahda*, 852 F.3d 1282, 1298 (10th Cir. 2017), *aff'd*, 138 S. Ct. 1491 (2018).

On December 12, 2019, Judge Vratil resentenced Mr. Dahda to a controlling term of 141 months in prison and six years of supervised release. On December 21, 2019, Mr. Dahda appealed. *See* Notice Of Appeal (Doc. 2718).

Mr. Dahda now seeks return of various items that the government seized during the investigation of his case.

## II.     Legal Standard

"A person aggrieved by an unlawful search and seizure of property or by deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). Rule 41(g) is an equitable remedy available only if the movant can show "irreparable harm and an inadequate remedy at law." *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006) (quotation marks and citation omitted). "The court must receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). If the court grants the motion, it must return the property to the movant, but "may impose reasonable conditions to protect access to the property and its use in later proceedings." *Id*.

**III.    Analysis**

Mr. Dahda seeks return of various items that the government seized during investigation of his case. If a defendant files a motion for return of property while a criminal prosecution is pending, he bears the burden to show that he is entitled to the property. *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001) (quoting *United States v. Chambers*, 192 F.3d 374 (3d Cir. 1999)) (under former Rule 41(e), now Rule 41(g)). After criminal proceedings have "terminated," the burden shifts to the government to show a legitimate reason to retain the property. *Id.* While "[t]he government is clearly permitted to seize evidence for use in investigations and trial," it generally should return "seized property, other than contraband, . . . to its rightful owner once the criminal proceedings have terminated." *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212 (10th Cir. 2001) (quotation marks and citation omitted). Because Mr. Dahda's direct appeal is pending, he bears the burden to show that he is entitled to the property and that the government's retention of it is unreasonable.[1]

**A.  Seized Items Marked As Government Exhibits**

Mr. Dahda seeks return of specified seized items that were marked as government exhibits for trial including wallets, cell phones, documents, security cameras, and various other personal items. *See* Exhibit 1 (Doc. 2702-1) at 3 (requests return of trial exhibits 33–36, 38–42,

---

[1]    The Tenth Circuit has not addressed directly the question whether for purposes of Rule 41(g), criminal proceedings are "terminated" when the district court enters judgment or, instead, after the conclusion of any direct appeal. *See Rodriguez-Aguirre*, 264 F.3d at 1214 n.15 (for purposes of accrual of claim to recover non-contraband, court declines to determine "whether the conclusion of criminal proceedings occurs after the trial and sentencing, or whether it occurs only after the appeals process has run its course"). Although the issue does not affect the result in this case, the court assumes that until the conclusion of the direct appeal, Mr. Dahda has the burden to show that he is entitled to the property. *See United States v. Oduu*, 564 F. App'x 127, 130–31 (5th Cir. 2014) (because defendant filed his Rule 41(g) motion while his direct appeal was pending, "criminal proceedings had not yet ended, and he had to bear the burden"); *see also United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006) (under 28 U.S.C. § 2255, "criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires").

44–46, 104–114, 116, 119–120, 131–132, 134–138, 265).  The government does not object to returning exhibits 116 (Miscellaneous Letters) and 134 (Mr. Dahda's identification) because the court did not admit those exhibits at trial.  For the remaining exhibits, however, the government argues that it is entitled to retain them until Mr. Dahda's direct appeal and any post-conviction motion to vacate conclude.  Mr. Dahda argues that the potential for a retrial is "extremely unlikely, if not impossible."  Motion For Return Of Property (Doc. 2702) at 2.

      The court admitted the disputed exhibits at trial so if Mr. Dahda's case were to be retried, they are potentially relevant.  Even so, the court agrees with Mr. Dahda that a retrial is highly unlikely.  In the pending appeal in the Tenth Circuit, Mr. Dahda only seeks resentencing based on alleged errors at sentencing.  The government does not argue that a retrial is a possible result of Mr. Dahda's direct appeal.  Instead, the government suggests that after the appeal concludes, Mr. Dahda likely will file a motion under 28 U.S.C. § 2255, alleging a violation of his Sixth Amendment rights, which could result in a retrial.  Government's Response To Defendant's Motion For Return Of Property (Doc. 2729) at 5.  Of course, a retrial, even after denial of an initial Section 2255 motion, almost always is a theoretical possibility based on a potential change of law or discovery of new facts.  Under the government's argument, every defendant essentially would have to wait for his release from prison to recover non-contraband.  A theoretical possibility of a retrial based on a Section 2255 motion that has not been filed is not a reasonable justification for the government's continued retention of the exhibits.  *See United States v. Nelson*, 190 F. App'x 712, 715 (10th Cir. 2006) ("The government cannot simply rely on the possibility of resentencing to justify retaining all property seized, especially that of an apparently innocuous and irrelevant nature.").  In addition, the government has not explained why it cannot adequately protect its interests by duplicating or saving the exhibits on electronic media before

4

returning them to Mr. Dahda.  Mr. Dahda has satisfied his burden to show that the government's continued retention of the disputed exhibits is unreasonable.  *See* 1989 Amendments to Federal Rules of Criminal Procedure, Committee Note to Rule 41(e) (now Rule 41(g)), 124 F.R.D. 397, 428 ("If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable.  But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable."); *see also United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (defendant "presumed to have the right to the return of his property once it is no longer needed as evidence") (internal quotation marks and citation omitted).  The court thus orders the government to return trial exhibits 33–36, 38–42, 44–46, 104–114, 116, 119–120, 131–132, 134–138, and 265 to Mr. Dahda's counsel by August 31, 2020.  If the government believes that conditions are necessary to protect access to the exhibits for their potential use in later proceedings, it shall file a log by July 31, 2020 with a description of each such exhibit, why conditions are necessary for each exhibit and the proposed conditions.  *See* Fed. R. Crim. P. 41(g) (if the court grants Rule 41(g) motion, it must return the property to the movant, but "may impose reasonable conditions to protect access to the property and its use in later proceedings").

### B. Items Recovered From 3034 Trail Road

Mr. Dahda also seeks return of various items (hard drive, laptop and eight photographs) that the government seized during execution of a search warrant at 3034 Trail Road in Lawrence, Kansas.

The government argues that Mr. Dahda has not shown that the hard drive and laptop belonged to him, instead of the other three individuals who also resided at this residence.  Mr.

Dahda argues that the hard drive and laptop contain information which indicate that he owns those devices. The court directs the government to review the contents of the hard drive and laptop to determine the rightful owner of the devices. On or before August 14, 2020, the government must notify the court if it has determined the rightful owner of the devices and the scope of its investigation. If the government determines that Mr. Dahda is the rightful owner of one or both of the devices, it must return the devices to his counsel by August 31, 2020.

The government asserts that it will return only three of the photographs because the court admitted the other photographs as trial exhibits. The government has not shown why it cannot adequately protect its interests by retaining a digital copy of the photographs. The court thus orders the government to return all eight of the original photographs to Mr. Dahda's counsel by August 31, 2020.

### C. Money From Bank of America Checking Account

Mr. Dahda seeks return of $8,660.16 which the government seized from an account that he held jointly with co-defendant Nathan Wallace. On January 3, 2013, the Drug Enforcement Administration administratively forfeited the $8,660.16, as part of a larger forfeiture of several accounts held by co-defendants totaling $36,865.42. *See* Attachment 1 to Government's Response To Defendant's Motion For Return Of Property (Doc. 2729). The government maintains that because the money was administratively forfeited and it does not possess the funds, Mr. Dahda is not entitled to relief under Rule 41(g).

The government asserts that its asset tracking system reflects that it provided notice to Mr. Dahda at Corrections Corporation of America where defendant was detained pending trial. Government's Response To Defendant's Motion For Return Of Property (Doc. 2729) at 6–7. In his reply brief, Mr. Dahda argues that he did not receive notice of the administrative forfeiture

6

and that, potentially, inmate logs support this fact.  Because the government already has administratively forfeited the money under 21 U.S.C. § 881, Mr. Dahda can no longer seek relief under Rule 41(g).  *See United States v. Soto-Diarte*, 370 F. App'x 886, 888 (10th Cir. 2010) (Rule 41(g) not proper vehicle for obtaining monetary compensation for seized property no longer in government possession).  Even so, the court construes this portion of Mr. Dahda's motion as a request for relief under 18 U.S.C. § 983(e), which provides the "exclusive remedy" for him to challenge the administrative forfeiture.  18 U.S.C. § 983(e)(5) (motion under § 983(e) is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute"); *see United States v. Tinajero-Porras*, 378 F. App'x 850, 851 (10th Cir. 2010).  On the present record, the court cannot determine whether Mr. Dahda received notice of the administrative forfeiture.  The court thus directs the government to file by August 17, 2020, a supplemental memorandum addressing Mr. Dahda's claim that he did not receive notice of the administrative forfeiture of the proceeds in his Bank of America account.  The government's supplemental memorandum must include affidavits or declarations with exhibits specifying when it provided notice to Mr. Dahda and when the administrative forfeiture was entered.  On or before August 31, 2020, Mr. Dahda may file a response.

### D.  1994 Acura Legend And Its Contents

Mr. Dahda seeks return of a 1994 Acura Legend and its contents.  The government acknowledges that the vehicle is titled to Mr. Dahda who was driving it immediately before law enforcement officers arrested him and his passenger, Sadie Brown.  During a search of Mr. Dahda, law enforcement officers recovered an Apple iPhone, which the court admitted at trial as Exhibit 36.  As explained above, the court has ordered the government to return Exhibit 36 to Mr. Dahda's counsel.

Law enforcement officers had a private company tow the Acura to a secured lot. State authorities initially placed a hold on the vehicle, but removed it a few days later. In his reply, Mr. Dahda does not deny that the government no longer possesses the vehicle or any of its purported contents, other than his Apple iPhone. The court thus dismisses Mr. Dahda's motion as it applies to the 1994 Acura Legend and its purported contents (except for Mr. Dahda's Apple iPhone, trial exhibit 36) because it lacks jurisdiction to decide it. *See Soto-Diarte*, 370 F. App'x at 888.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Roosevelt Dahda's Motion For Return Of Property Pursuant To Fed. R. Crim. P. 41(g) (Doc. 2702) is granted in part and dismissed in part, as specified in this Order.

**IT IS FURTHER ORDERED BY THE COURT THAT** on or before August 31, 2020, the government must return trial exhibits 33–36, 38–42, 44–46, 104–114, 116, 119–120, 131–132, 134–138, and 265 to Mr. Dahda's counsel. If the government believes that conditions are necessary to protect access to the exhibits for their potential use in later proceedings, it must file a log by July 31, 2020, with a description of each such exhibit, why conditions are necessary for each exhibit, and the proposed conditions. If Mr. Dahda objects to any of the proposed conditions, he must file a response by August 14, 2020.

**IT IS FURTHER ORDERED BY THE COURT THAT** to the extent the government already has not done so, it must review the contents of the hard drive and laptop recovered from 3034 Trail Road in Lawrence, Kansas to determine the rightful owner of the devices. On or before August 14, 2020, the government must notify the court if it has determined the rightful owner of the devices and the scope of its investigation. If the government determines that Mr.

Dahda is the rightful owner of one or both of the devices, it must return the device(s) to his counsel by August 31, 2020.

**IT IS FURTHER ORDERED BY THE COURT THAT** on or before August 31, 2020, the government must return to Mr. Dahda's counsel the eight photographs that it recovered at 3034 Trail Road in Lawrence, Kansas.

**IT IS FURTHER ORDERED BY THE COURT THAT** on or before August 17, 2020, the government must file a memorandum which addresses Mr. Dahda's claim under 18 U.S.C. § 983(e) that he did not receive notice of the administrative forfeiture of the proceeds in his Bank of America account. The government's supplemental memorandum must include affidavits or declarations with exhibits specifying when it provided notice to Mr. Dahda and when the administrative forfeiture was entered. On or before August 31, 2020, Mr. Dahda may file a response.

**IT IS SO ORDERED.**

**Dated this 21st day of July, 2020, at Kansas City, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**