**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>v.<br><br>**ROOSEVELT RICO DAHDA (02),**<br><br>    Defendant. | Case No. 12-20083-02-DDC |

## MEMORANDUM AND ORDER

On July 21, 2020, the court granted in part and dismissed in part defendant Roosevelt Dahda's Motion for Return of Property (Doc. 2702). *See* Memorandum and Order (Doc. 2839). In that order, the court directed the government to file a memorandum on Mr. Dahda's claim under 18 U.S.C. § 983(e) that he did not receive notice of the administrative forfeiture of the proceeds in his Bank of America account. *See id.* at 9. On August 17, 2020, the government filed its Response (Doc. 2845).

On September 2, 2020, in a motion for extension of time, Mr. Dahda sought clarification whether he should file a reply pro se or by counsel. *See* Motion to Extend the Deadline for Reply to Government's Response (Doc. 2849) at 2. The court instructed Mr. Dahda that Mr. Fehlig continues to represent him on the forfeiture issues that are within the scope of his Motion for Return of Property (Doc. 2702) and that on Mr. Dahda's behalf, counsel may file a reply to the government's Response (Doc. 2845) to his claim about the proceeds in his Bank of America account. *See* Order (Doc. 2852) filed September 9, 2020 at 2 ("Until Mr. Dahda's claim is resolved in district court or the court orders otherwise, Mr. Fehlig will continue to represent Mr.

Dahda."); *id.* ("Mr. Dahda's counsel may file a reply to the government's Response (Doc. 2845) to his claim about the proceeds in his Bank of America account.").

Contrary to the court's order, Mr. Dahda filed a pro se reply. *See* Defendant's Reply to Government's Response (Doc. 2865) filed October 30, 2020. His counsel separately has submitted Mr. Dahda's affidavit as an exhibit to the pro se reply. *See* Exhibit to Defendant's Reply to the Government's Response to the Defendant's Motion for Return of Property (Doc. 2866) filed November 2, 2020. While Mr. Dahda has a constitutional right to self-representation, he does not have a right to "simultaneous self-representation and representation by counsel (known as hybrid representation)." *United States v. Couch*, 758 F. App'x 654, 655 (10th Cir. 2018). Although Mr. Dahda does not have a constitutional right to hybrid representation, the court has discretion to allow it. *Id.* at 656; *United States v. Treff*, 924 F.2d 975, 979 n.6 (10th Cir. 1991) ("The decision to allow hybrid representation and to limit the defendant's participation in such representation is within the discretion of the trial court."). Here, hybrid representation would unnecessarily complicate the remaining forfeiture issue which appointed counsel initially raised in Mr. Dahda's Motion for Return of Property (Doc. 2702) and earlier Reply (Doc. 2746). The court thus declines to allow hybrid representation. **The court will not consider Mr. Dahda's pro se Reply (Doc. 2865). To the extent that Mr. Dahda wants the court to consider the matters in his reply, he must include them in a reply to be filed by counsel by the current deadline of November 27, 2020.**

**IT IS SO ORDERED**.

**Dated this 13th day of November, 2020, at Kansas City, Kansas.**

s/ Daniel D. Crabtree  
Daniel D. Crabtree  
United States District Judge